UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ PENSION FUND, and
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP AND SAFETY FUND,

                                      Plaintiffs,

     -against-

MERIDIAN MATERIALS, INC.
                                    Defendant.
------------------------------------------------------------------------X

Civil. Action: 18-cv-12028

**COMPLAINT**

Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Pension Fund ("Pension Fund"), and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund"), collectively referred to herein as the "Funds", as and for their Complaint against Meridian Materials, Inc. ("Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, pension fund, and an employee supplemental savings fund, for injunctive and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to permit and cooperate in the conduct of audits of the books and records of Defendant. This Complaint alleges that by refusing to submit the required reports to the Funds when required as per the Funds' rules and regulations, Defendant violated its collective bargaining agreement, the trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds are, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union,

Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health benefits, pension benefits, and training, scholarship and safety benefits to those employees eligible to receive them. The Funds maintain their office and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was, and continues to be, a Virginia for-profit corporation having a principal place of business at 1984 Isaac Newton Square, #106, Reston, Virginia 20190 and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Defendant is party to a collective bargaining agreement (the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and submit the required monetary contributions and reports to the Funds, for Defendant's employees within the unit set forth in the Agreement with the Union.

8. As part of their fiduciary to the Funds, the Trustees are required to perform payroll compliance audits to ensure that contributing employers are accurately designating employees and making the contributions as required by ERISA and the Agreement.

9. In Section 5 of the Agreements, Defendant agreed to the following:

        SECTION 5. AUDITS. The employer agrees to permit auditors authorized by the Fund to inspect and review any of its records necessary to ensure compliance with this Agreement and to forward such records or true copies thereof to the Fund's auditors upon request.

10.     Section 4 of the Agreements states the following:

        SECTION 4. TRUST AGREEMENT. The Employer hereby agrees to be bound by the provision of the Agreement and Declaration of Trust establishing the Fund, as it may from time to time be amended, and all resolutions and rules adopted by the Trustees pursuant to the powers delegated to them by that agreement, including collective policies, receipt of which is hereby acknowledged. The Employer hereby designates the Employer members of the Fund's Board of Trustees, or their duly selected successor(s), as its representative on the Board.

11.     The Health Fund Agreement and Declaration of Trust ("Health Trust Agreement")

provides in pertinent part:

        D)     ARTICLE VIII
                OBLIGATIONS OF EMPLOYERS
Section 1: Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees…

12.     The Pension and Training Fund have identical provisions in their Declaration of

Trust (collectively referred to herein as the "Trust Agreements").

13.     The Trust Agreements state the following under Employer Obligations:

        <u>Furnishing Requested Information</u>. The Trustees may call upon the Employers and/or the Union to furnish to the Trustees such information and reports as they may require in the performance of their duties under this Trust Agreement and the Employers and/or Union shall furnish the same when so requested. The Trustees or their representatives, duly authorized in writing, shall have the right to audit, examine and make copies of all or any part of the books

and records, cash books, ledgers, contracts, tax returns or reports, and any other book or record which the Trustees deem necessary or desirable in connection with the proper administration of the Trust Fund. In any case that arbitration or legal action becomes necessary to enforce an Employer's obligation to submit to an audit or otherwise provide reports or requested information, the Trustees shall also be entitled to recover any and all expenses of that enforcement action, including, but not limited to, audit fees, counsel fees, arbitration costs and fees, and court expenses.

14. Defendant agreed to be bound by the rules and procedures of the Funds, which state in part the following:

> IV. Compliance Audit Program
>
> ...
> B. Employers' duty to cooperate with auditor. Employers are required, pursuant to the Trust Agreements and their collective bargaining agreements, to cooperate with the Funds' auditor by promptly providing all records that are requested to permit the auditors to make a determination regarding the accuracy, completeness and timeliness of the employer's reports and remittances to the Funds.

15. A payroll compliance audit is essential to allow the Funds to determine what Defendant owes on its obligations under the Agreements. Absent Defendant's compliance with the audit, the Funds have no remedy allowing them to fulfill their obligations under ERISA, the Trust Agreements and the collective bargaining agreements.

16. Despite repeated demands, Defendant has failed to provide all of the documents necessary to allow the Funds' auditor to perform and complete the required payroll compliance audit.

17. The Audit is for the time period July 1, 2016 through the present date.

18. Upon information and belief, Defendant has knowingly failed to report employees

to the Funds that are covered by the Agreement and is failing to cooperate with the payroll compliance audit in an attempt to shirk its responsibilities under ERISA, the Agreement, and the Trust Agreements.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (FUNDS DEMAND FOR AN ORDER DIRECTING DEFENDANT TO PERMIT AN AUDIT OF DEFENDANT'S BOOKS AND RECORDS

19. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 17 of this Complaint as if set forth fully therein.

20. Defendant is obligated, pursuant to the terms of the Agreement and ERISA, to permit and cooperate in the conducting of audits of the books and records of Defendant by the Funds.

21. At all times material herein, Defendant has failed and refused to cooperate with the audit of its books and records.

22. Absent an injunction from this Court, the Funds have no way of knowing if Defendant is in compliance with the Agreement and ERISA.

23. The Funds will be irreparably harmed without an injunction. Plaintiffs will lose Defendant's contributions while at the same time potentially having to pay out benefits to Defendant's employees. Additionally, covered employees not reported by Defendant will continue not receiving benefits at all.

24. Accordingly, pursuant to the terms and conditions of the Agreement and ERISA, the Funds demand an Order directing Defendant to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendant's books and records.

WHEREFORE, Plaintiff Funds demand judgment:

a. for an Order requiring Defendant to permit and cooperate in the conduct of an audit by the Funds' auditor of the books and records of the Defendant, for the period July 1, 2016 through the present date;

b. awarding the Funds the audit fees incurred in attempting to perform the payroll compliance audit;

c. awarding the Funds the audit fees that will be incurred in actually performing the payroll compliance audit;

d. reasonable attorney's fees and costs of the action pursuant to ERISA;

e. for such other and further relief as the Court deems just and appropriate.

Dated: Fort Lee, New Jersey
December 20, 2018

Raab, Sturm & Ganchrow, LLP

By: _____
Samuel R. Bloom (SB1988)
Attorneys for Plaintiffs Funds
2125 Center Avenue
Suite 100
Fort Lee, New Jersey
(Tel) 201-292-0150
(Fax) 201-292-0152